**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Cause No: 1:05-CR-48** |
| | ) | |
| **CORNELIUS JERMAINE BENSON** | ) | |

**MEMORANDUM AND DECISION REGARDING PARTIES' OBJECTIONS**
**TO THE COURT'S PROPOSED FINAL JURY INSTRUCTIONS**

Counsel for the government and counsel for the defendant made a record of certain

objections and comments concerning the Court's Proposed Final Jury Instructions.  The court

now rules on those objections as follows.

1.  Mr. Geller and Mr. Arata both agreed that Court's Proposed Final Jury Instruction

number 11 was unnecessary, since it referenced expert testimony and no such testimony was

presented during trial.  Accordingly, that instruction was removed and does not appear in the

Court's Final Jury Instructions.

2.  Mr. Geller pointed out that proposed instruction number 30, which referred to the

parties' stipulation about the funds and deposits of the Phillips Federal Credit Union being

insured by the NCUA, should be modified in light of the fact that the parties' filed a stipulation

on this point.  Accordingly, that instruction was modified so that the language of the instruction

mirrors the language in the parties' stipulation.

3.  Mr. Geller objected in part to the proposed final jury instruction submitted by the

defense.  This is the "lesser included offense" instruction.  Mr. Geller objected to the second line

of that instruction because it essentially defined the offense of unarmed bank robbery as a

robbery that takes place "without the use of a weapon."  Mr. Geller stated that the phrase should be "without the use of a *dangerous* weapon."  Mr. Geller is correct that the pattern instruction includes the word "dangerous."  Accordingly, the objection should be sustained and the jury instruction tendered by the defense has been included as modified, with the word "dangerous" added in the second sentence.

4.  Mr. Arata objected to Court's Proposed Final Jury Instruction number 29, which stands for the proposition that a witness need not be an expert on guns in order to testify that he or she saw another person with a gun.  That proposed instruction reads as follows:

**A witness need not be a firearm expert to testify that he or she has seen somebody carrying a gun.**

Mr. Arata argues that it is not a pattern jury instruction and is covered adequately by other instructions such as instructions numbers 3 and 4, which deal with assessing a witness' testimony and drawing reasonable inferences.

The instruction is supported by the case law the government cited.  That is, it is a proper statement of the law.  However, Mr. Arata is correct that it is not a pattern instruction.  He also objected because he said the instruction was not "balanced," that is, since the witnesses are not experts on guns, they may have been mistaken about what they saw, and the instruction does not allow for that.  In fact, one of the witnesses said the gun or guns he saw were partially obscured by the robbers' clothing.  Furthermore, the testimony of the witnesses is that they saw guns.  They also testified that they presumed they were real guns based on their personal observations and/or their personal experiences with guns.  Thus, the instruction does seem superfluous.  Accordingly, the objection should be sustained and the proposed instruction stricken.

5.  Mr. Arata objected to the government's additional proposed instruction filed after the trial began, which was the instruction stating that the fact that no gun was found or introduced as evidence, nor the fact that the witnesses may not have had an opportunity to closely examine the guns they allegedly saw, did not preclude a conviction on that count.  Mr. Arata argued that the instruction was not balanced since the proposition could also be said that the lack of such evidence would not preclude acquittal.

The court finds that the instruction is, in fact, unabalanced.  While a correct statement of the law, it is also not a pattern jury instruction.   Accordingly, the objection is sustained and the proposed instruction rejected.

6.  Finally, Mr. Arata objected to proposed instruction number 17, which reads as follows:

**For purposes of aggravated bank robbery, as charged in Count 1 of the Indictment, the dangerous weapon need not be genuine or operable.**

Mr. Arata argued that there is no definition of what constitutes a "dangerous weapon" and thus "saying something is a dangerous weapon . . . is confusing and misleading. . . ."  Mr. Arata also argued that this is not a pattern jury instruction.   He is correct that it is not a pattern instruction.  It IS supported by the case law cited by the government and is a proper statement of the law.  But, since it is not a pattern instruction it was removed, i.e., the objection was sustained.  It should also be pointed out that there was no evidence presented that might warrant such an instruction.  If, for example, the robbers had used toy guns which only looked real but could not fire any bullets, such an instruction might be necessary.

The court's final jury instructions have been amended and modified to reflect the rulings set forth herein.

Dated: December 1, 2005.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

**UNITED STATES OF AMERICA**          )
                                      )
              **v.**                  )          **Cause No: 1:05-CR-48**
                                      )
**CORNELIUS JERMAINE BENSON**         )


TO: COUNSEL
FROM: JUDGE LEE
SUBJECT: FINAL JURY INSTRUCTIONS


     The court has reviewed the record of the objections and comments made by counsel regarding the Court's Proposed Final Jury Instructions.  The following changes, amendments, and deletions have been made and incorporated into the Court's Final Jury Instructions:


| | |
|---|---|
| Proposed Instructions Nos. 1 through 10: | No changes |
| Proposed Instruction No. 11<br>(re: expert witnesses): | Stricken |
| Defense proposed instruction<br>(re: lesser included offense): | Given as modified as Final Instruction 15 |
| Proposed Instruction No. 17<br>(re: operable weapon): | Stricken |
| Proposed Instruction No. 29<br>(re: witness not expert on guns): | Stricken |
| Proposed Instruction No. 30<br>(re: NCUA insurance charter): | Given as modified |
| Government's proposed No. 1<br>(re: lack of gun in evidence): | Rejected |
| All Other Proposed Instructions: | No changes |

* * *