UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CORNELIUS J. BENSON | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | CASE NO: | 1:05 CR 48 |
| | ) | | 1:19-CV-283 |
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| | ) | | |

## OPINION AND ORDER

Cornelius Benson ("Benson") has filed a Motion to Vacate pursuant to 28 U.S.C. §2255 [DE 92] as well as an Amended Petition [DE 94]. For the following reasons, both Benson's Motion and his Amended Petition will be DENIED.

## FACTUAL BACKGROUND

On August 22, 2005, Benson was indicted on two counts: Count 1, armed bank robbery in violation of 18 U.S.C. §2113(a) and (d); and Count 2, using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c). After a jury trial, Benson was convicted of the armed bank robbery count, but not the §924(c) charge. The trial strategy invoked by Benson's counsel, and to which Benson agreed on the record, was to concede Benson's participation in the armed bank robbery, but to challenge the Government's case as to Benson's use of a firearm.

Subsequently, Benson was deemed a career offender due to two prior armed bank robbery convictions and the undersigned sentenced Benson to 285 months of imprisonment and 3 years of supervised release. Benson appealed his conviction. On appeal, Benson's appointed counsel sought to withdraw and filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). Subsequently, in *United States v. Benson,* 219 Fed.Appx. 556 (7th Cir. 2007), the Seventh Circuit Court of Appeals upheld his conviction and dismissed his appeal.

1

On June 24, 2019, twelve years post-appeal, Benson filed the present petition pursuant to 28 U.S.C. §2255 alleging vagueness regarding his supervised release conditions and requesting re-sentencing. On July 11, 2019, Benson filed an amended petition adding claims of ineffective assistance of counsel with respect to the jury instructions and the jury question at trial. The Government moves to dismiss Benson's § 2255 petition as untimely.

## DISCUSSION

A § 2255 petition must be filed within one year of four possible dates: (1) the date the judgment of conviction becomes final; (2) if the movant was prevented from making a motion by unlawful government action, the date the obstacle is removed; (3) if the Supreme Court recognizes a new right, the date on which the right is recognized and made retroactively applicable to cases on collateral review; or (4) the date that the facts that support the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Section 2255's "statute of limitations defense is not jurisdictional" and can be equitably tolled. *Holland v. Florida,* 560 U.S. 631, 645, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (alteration and quotation marks omitted); *see also Estremera v. United States,* 724 F.3d 773, 775 (7th Cir.2013) (applying *Holland* to a § 2255 petition). To qualify for equitable tolling then, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649, 130 S.Ct. 2549 (quotation marks omitted). Equitable tolling is "rare" and "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton,* 763 F.3d 674, 684 (7th Cir.2014) (quotation marks omitted).

Although clearly filed outside the one-year limitation period, Benson maintains the deadline for his §2255 petition should be equitably tolled because he just recently learned of a case

involving supervised release conditions, *United States v. Ray*, 831 F.3d 431 (7th Cir. 2016). However, even if the Court accepted the proposition, (which the Court does not) that Benson's lack of diligence in researching his conditions of release until now warranted equitable tolling, *Ray* does nothing to aid him in his quest to have the supervised release conditions declared vague. *Ray* did not hold that any specific condition is vague. Rather, it simply held that supervised release conditions should not be amended while an appeal is pending. *Id*. at 439. Moreover, Benson has provided no explanation whatsoever as to why it took him until 2019 to "become aware" of this case.

This said, the Government acknowledges that Benson can file a motion pursuant to 18 U.S.C. §3583(e)(2) to have his supervised release conditions reviewed. (Gov't Response, at 7, fn. 1). Indeed, §3582(e)(2) authorizes the Court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." Thus, should Benson believe that there is something improper regarding his conditions of supervised release, he may present that to the Court.

As for Benson's allegations of ineffective assistance of counsel in his Amended Petition, he is clearly outside the §2255 limitations period to present these claims. In the Opinion relating to his appeal in 2007, the Seventh Circuit specifically advised Benson that his "ineffective assistance claim is better suited to collateral attack, at which time a full record may be developed." *Benson*, 219 Fed.Appx. at 559-60. Despite this advice, Benson opted not to file a collateral attack within the one year limitations period. Additionally, he has offered no explanation in his current petition as to why he could not present his ineffective claims earlier nor has he demonstrated any grounds to equitably toll the limitations period. Accordingly, Benson's petition must be dismissed as untimely.

## CONCLUSION

For the reasons discussed, Benson's §2255 motion [DE 92] and his Amended Petition [DE 94] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Benson having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

Entered: This 21st day of October, 2019

s/ William C. Lee
United States District Court